

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALEXIS M. HERMAN,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>               Plaintiff,<br><br>v.<br><br>LOCAL 19, BAKERY, CONFECTIONERY,<br>TOBACCO WORKERS AND GRAIN MILLERS<br>INTERNATIONAL UNION, AFL-CIO,<br><br>               Defendant. | CASE NO. 1:00 CV 2793<br><br>JUDGE **JUDGE NUGENT**<br><br>MAG. JUDGE VECCHIARELLI<br><br><u>C O M P L A I N T</u> |

I

Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (Act of September 14, 1959, 73 Stat. 519 <u>et seq</u>., 29 U.S.C. §§ 401 <u>et seq</u>.), hereinafter referred to as the Act.

II

Jurisdiction of this action is conferred upon the Court by Section 402(b) of the Act (29 U.S.C. § 482(b)).

III

Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 1870 East 19th Street, City of Cleveland, County of Cuyahoga, State of Ohio, within the jurisdiction of this Court.

IV

Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of Sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

V

Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the Bakery, Confectionery, Tobacco Workers and Grain Millers International Union, AFL-CIO, hereinafter referred to as the International, an international labor organization engaged in an industry affecting commerce within the meaning of Sections 3(i), 3(j) and 481(a) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(a)).

VI

Defendant, purporting to act pursuant to Local 19's Book of Laws and the International's Constitution, conducted its election of officers on February 23, 2000, which election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481, et seq.).

VII

By letter dated March 2, 2000 to the local Executive Board the complainant, Barbara Walden, a member in good standing of the defendant, protested the defendant's February 23, 2000 election. By letter dated March 21, 2000 to the complainant, the Executive Board denied the protest. By letter dated March 27, 2000, the complainant appealed the Executive Board's decision to the International General Executive Board. By letter dated March 31, 2000 to the complainant, the International General Executive Board denied the appeal. Having exhausted the remedies available and having received a final decision, the complainant filed a timely complaint with the Secretary of Labor on June 20, 2000, in accordance with Section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

VIII

By letter dated September 5, 2000, addressed to the plaintiff, the defendant agreed that the time within which the

plaintiff may bring suit with respect to the defendant's aforesaid election be extended to November 6, 2000.

IX

Pursuant to Section 601 of the Act (29 U.S.C. § 521), and in accordance with Section 402(b) of the Act (29 U.S.C. § 482(b), the plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that a violation of Title IV of the Act (29 U.S.C. §§ 481, et seq.) had occurred and had not been remedied at the time of the institution of this action.

X

Defendant, in the conduct of the aforesaid election, violated Section 401(e) of the Act (29 U.S.C. § 481(e)) by permitting three ineligible members to run for office in that the application of its candidacy qualification was unreasonable.

XI

The violation of Section 401(e) of the Act (29 U.S.C. § 481 (e)), found and alleged above, may have affected the outcome of the defendant's election for the offices of Treasurer and of the three Trustees.

WHEREFORE, the plaintiff prays for judgment:

(a) declaring the defendant's February 23, 2000 election for the offices of Treasurer and three Trustee positions to be null and void;

4

(b) directing the defendant to conduct a new election for those offices, under the supervision of the plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

|  |  |
|---|---|
|  | Respectfully submitted |
| HENRY L. SOLANO<br>Solicitor of Labor | DAVID OGDEN<br>Acting Assistant Attorney General |
| JOHN F. DEPENBROCK<br>Associate Solicitor | EMILY M. SWEENEY<br>United States Attorney |
| DENNIS A. PAQUETTE<br>Counsel for Litigation | By: _____<br>Steven J. Paffilas #0037376<br>Assistant U.S. Attorney |
| RICHARD J. FIORE<br>Regional Solicitor | 1800 Bank One Center<br>600 Superior Avenue, East<br>Cleveland, Ohio 44114-2600 |
| BENJAMIN CHINNI<br>Associate Regional Solicitor | Phone: (216) 622-3698<br>E-Mail: Steven.Paffilas@usdoj.gov<br>FAX: (216) 522-4982 |
| BRENDA J. STOVALL<br>Attorney |  |
| U.S. Department of Labor<br>Counsel | Attorneys for Plaintiff |