IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO,<br>Secretary of Labor,<br>United States Department of Labor, | ) CASE NO. 1:00 CV 2793<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| and | )<br>) |
| BARBARA WALDEN, | )<br>) |
| Plaintiff-Intervenor, | )<br>) |
| v. | ) JUDGE DONALD C. NUGENT<br>)<br>) |
| LOCAL 19, BAKERY, CONFECTIONERY,<br>TOBACCO WORKERS AND GRAIN<br>MILLERS INTERNATIONAL UNION,<br>AFL-CIO, | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## CERTIFICATION OF ELECTION

The election having been conducted in the above matter under the supervision of the

Secretary of Labor, United States Department of Labor, pursuant to a Memorandum Opinion and

Order signed November 9, 2001, in the United States District Court for the Northern District of

Ohio, Eastern Division, in accordance with the provisions of Title IV of the Labor-Management

Reporting and Disclosure Act of 1959, 29 U.S.C. § 481 et seq., and in conformity with the

Constitution and Bylaws of the defendant labor organization, insofar as lawful and practicable,

therefore, pursuant to Section 402(c) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 482(c), and the authority delegated to me,

**IT IS HEREBY CERTIFIED** that the following named candidates have been duly elected to the offices designated:

| | |
|---|---|
| Edward Thomas | Treasurer |
| Pete Koleff | Trustee |
| Vince Bianchi | Trustee |

Attached herewith is a Declaration setting forth the protest concerning a violation that allegedly occurred in the conduct of the election and the findings of my investigation of this protest.

Signed this 30th day of _May_ 2002.

_Mary Alice Cahir_
Mary Alice Cahir, Acting Chief
Division of Enforcement
Office of Labor-Management Standards
Employment Standards Administration
United States Department of Labor

2

## DECLARATION OF MARY ALICE CAHIR

I, Mary Alice Cahir, am the acting Chief, Division of Enforcement, Office of Labor-Management Standards, Employment Standards Administration, United States Department of Labor ("Department"). Pursuant to an Order dated November 9, 2001, in the United States District Court for the Northern District of Ohio, Eastern Division, the Department supervised the election for the offices of Trustees and Treasurer of Local 19 ("Local 19" or "the local"), an affiliate of the Bakery, Confectionery, Tobacco Workers and Grain Millers International Union, AFL-CIO, ("International Union"). The supervised mail ballot election was concluded on March 21, 2002.

On February 9, 2002, nominations were held for this election. Four members were nominated to run for the two trustee positions: Barbara Walden, Vince Bianchi, Pete Koleff and Scott Delbrugge. Bianchi, Koleff and Delbrugge were ruled eligible for office. Walden, however, was ruled ineligible and her name was not placed on the ballot. On February 14, 2002, Walden filed a protest with the Election Supervisor.[1] No other election protests were filed with the Election Supervisor. The complainant's pre-election protest is set forth below with an explanation for its dismissal.

In her protest to the Election Supervisor, Walden asserted that the eligibility requirement in Article XVI, Section 11(a) of the International Constitution was discriminatory on its face and in its application to her and other retired members who

---

[1] As Plaintiff-Intervenor, Ms. Walden concurrently filed a Motion to Stay Election Pending Court Review of Candidate Eligibility with this Court.

were not incumbent officers. She challenged the eligibility of nominees Koleff and Bianchi, but not the eligibility of Delbrugge.

Article XVI, Section 11(a) of the International Union Constitution, which was modified in May 2001, provides that a candidate for local office:

> must have worked for at least two continuous years next prior to nomination and election in any branch of the trade under the jurisdiction of the International Union except for periods of lay-off not to exceed twelve (12) continuous months or as an officer or employee of the International Union or local union.... [2]

Article I, Section 3C(a) of the Local 19 bylaws requires that one who seeks to be a candidate for local office:

> must have been in continuous good standing in Local 19 and have had full membership rights in Local 19, for at least two (2) years prior to the date of the election, and have been an Officer or Business Agent of Local 19, or have been actively employed in the trade, for the two (2) years immediately preceding the election.

The Department's investigation established that the Election Supervisor developed the rules and timetable for this supervised election based on the applicable provisions contained in the Local 19 bylaws and the International Union's Constitution, as well as information obtained during the January 11, 2002, pre-election conference. The election rules were mailed to the interested parties of record, including member Barbara Walden, by letters dated January 16, 2002.

In determining candidate eligibility, the Election Supervisor uniformly applied the aforementioned candidate eligibility requirements to all nominees. The Election Supervisor ruled that both Koleff and Bianchi were eligible for office because, in lieu of

---

[2] The May 2001 change to Article XVI, Section 11(a) of the International Union Constitution was the most notable difference between the rules in place for the February 23, 2000, challenged election and the Department's supervised election. In accordance with Article V, Section 2(p) of the International's Constitution, the International General Executive Board approved Official Proposition 2086, which deleted the requirement that officers and employees be "full-time," and instead liberalized the exception to the working-at-the-trade rule to include any officer or employee.

2

actively working at the trade, both Koleff and Bianchi had served continuously as officers of the local union for at least two years prior to their nominations. Although the results of the February 23, 2000, challenged election for the two trustee positions won by Koleff and Bianchi were declared null and void by this Court's November 9, 2001, Order, Koleff and Bianchi had served in the trustee positions continuously since before February 23, 2000. The Secretary's regulations state, in part, that elections challenged by a member are presumed valid pending a final decision. The statute further provides that until a decision is made, the affairs of the labor organization shall be conducted by the elected officers or in such a manner as the union constitution and bylaws provide. See 29 C.F.R. § 452.136(c). Consequently, the Election Supervisor recognized Koleff and Bianchi's service as trustees during the interim period between the challenged election and the February 9, 2002, nominations, and ruled them eligible for office based on the exception to the working-at-the-trade requirement. In addition, the Election Supervisor ruled that Barbara Walden was ineligible to run for office. Walden was not an employee or officer of the local or international union, nor had she been actively working at the trade for two years immediately before the election. She did not, therefore, meet the candidate eligibility requirements outlined in the International Constitution and the Local 19 bylaws.

Unions are permitted to adopt candidate eligibility requirements, including working-at-the-trade clauses, so long as the rules are reasonable. 29 C.F.R. § 452.41. All nominees for office must then satisfy those requirements. The union had introduced the working-at-the-trade requirement in 1994. As articulated above, the May 2001 constitutional amendment liberalized the existing working-at-the-trade requirement by

3

deleting the full time requirement, thus permitting part-time employees and officers to run for office. Permitting part-time union officers and employees to run for office is not unreasonable inasmuch as part-time duties afford the connection and familiarity with the trade that is the intent of a working-at-the-trade requirement.

This recent modification of the rule did not impose any new, more stringent, candidate eligibility requirements that members would not have had sufficient time to satisfy prior to the election. Local 19 members received adequate notice of this requirement for office. Furthermore, the provision of the International Constitution is clear and specific. As an alternative to working actively at the trade, a nominee may instead serve for at least 24 months prior to the election as an employee or officer of the union.

Moreover, the union's constitution and bylaws do not prohibit retirees from running for office. After her failure to win re-election as Local 19 president in the February 23, 2000, challenged election, Walden could have opted to seek work at the trade in order to maintain her eligibility to run for office in future Local 19 officer elections. She chose not to do so. Furthermore, any other Local 19 retired members interested in running for office could have returned to work at the trade in order to satisfy this requirement.

The Department has concluded from its investigation and analysis that no violation of Title IV of the Act occurred during the March 21, 2002, supervised election that may have affected the outcome of the election for Treasurer and two Trustee positions. The election held pursuant thereto complied with the District Court's Order and no reason exists to overturn the results of this election.

4

I declare under penalty of perjury that the foregoing is true and correct.  Executed

on this ___30 ͭͪ___ day of ___May___ 2002, in the City of Washington, District

of Columbia.

Mary Alice Cahir, Acting Chief
Division of Enforcement
Office of Labor-Management Standards
Employment Standards Administration
United States Department of Labor

5